IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02348-BNB

MILTON BRADLEY GAREWAL,

    Plaintiff,

v.

UNKNOWN U.S. MARSHAL, Individually and in his Official Capacity Acting Under Color
    of Law,
UNKNOWN U.S. MARSHAL, Individually and in her Official Capacity Acting Under
    Color of Law,
DR. CRUM, Individually and in his Official Capacity Acting Under Color of Law,
NURSE JOHNSON, Individually and in her Official Capacity Acting Under Color of Law,
DENVER COUNTY JAIL, and
DENVER HEALTH,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AMENDED COMPLAINT

    Plaintiff, Milton Bradley Garewal, currently is detained at the Denver County Jail in Denver, Colorado. Mr. Garewal, acting *pro se*, initiated this action on September 4, 2012, by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On October 2, 2012, Mr. Garewal filed an Amended Complaint.

    The Court must construe the Complaint and Amended Complaint liberally because Mr. Garewal is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the

reasons stated below, Mr. Garewal will be ordered to file a Second Amended Complaint.

Mr. Garewal asserts that his constitutional rights were violated on May 11, 2012, when two Unknown U.S. Marshals shackled his feet during transport to a court appearance, even though he suffers from "Dropped Foot" and, as a result, he fell and broke his foot. Mr. Garewal further contends that jail staff violated his constitutional rights when they delayed proper treatment of the broken foot for ten days. Mr. Garewal seeks declaratory and injunctive relief and compensatory and punitive damages.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Garewal must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

For Mr. Garewal to state a claim in federal court, "a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant' s action harmed him [ ]; and, what specific legal right [Mr. Garewal] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Garewal does not state specifically what Defendants Dr. Crum and Nurse Johnson did to violate his rights. On Page Three of the Complaint form Mr. Garewal

states specifically what a "doctor" and a "nurse" did regarding the treatment of his broken foot, but he does not identify Defendants Crum and Johnson as the individuals who violated his rights. Although on Page Five Mr. Garewal states that Defendants Crum and Johnson "were callous to [his] medical needs" and "failed to provide proper medical attention in a timely manner," he does not state specifically what they did to violate his constitutional rights.

Mr. Garewal may use fictitious names such as "Unknown U.S. Marshal" if he does not know the real names of the individuals who allegedly violated his rights. If, however, Mr. Garewal uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

In addition, Defendant Denver Health is not a person for the purpose of a § 1983 action. Mr. Garewal must name the specific employees in the health department who are responsible for the alleged constitutional deprivations and demonstrate in the text of the Complaint, under "Section D. Cause of Action," how each one personally participated in the asserted claims. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

Mr. Garewal also may not sue Defendant Denver County Jail. The jail is not a separate entity from the County of Denver and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the jail must be considered as asserted against the County of Denver.

A local government entity such as the County of Denver, however, is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. *Monell*

*v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  A plaintiff seeking to hold a municipality or county liable for his injuries under 42 U.S.C. § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Mr. Garewal cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  See *Monell*, 436 U.S. at 694.  Accordingly, it is

ORDERED that Mr. Garewal file **within thirty days from the date of this Order** a Second Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Mr. Garewal shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Garewal fails to comply with this Order within the time allowed the Complaint and the action will be dismissed without further notice.

DATED October 15, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge