IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02348-RM-BNB

MILTON BRADLEY GAREWAL,

Plaintiff,

v.

UNKNOWN U.S. MARSHAL, Individually and in his Official Capacity Acting Under Color of Law,
UNKNOWN U.S. MARSHAL, Individually and in her Official Capacity Acting Under Color of Law,
DR. CRUM, Individually and in his Official Capacity Acting Under Color of Law,
NURSE JOHNSON, Individually and in her Official Capacity Acting Under Color of Law,
DENVER COUNTY JAIL, and
DENVER HEALTH,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the plaintiff's tendered Third Amended Prisoner Complaint [Doc. # 54, tendered on 05/17/2013] (the "Proposed Third Amended Complaint"). The Proposed Third Amended Complaint is accepted for filing. In addition, I respectfully RECOMMEND that Claim Three of the Third Amended Complaint be DISMISSED as legally frivolous.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed his Second Amended Prisoner Complaint (the "Second Amended Complaint") on November 28, 2012 [Doc. #19].  The Second Amended Complaint asserts claims against two "Unknown U.S. Marshals," Doctor Crum, Nurse Johnson, "City and County of Denver Jail Supervisor," and "Denver Health Unknown Supervisor."  The claims against the "City and County of Denver Jail Supervisor" and "Denver Health Unknown Supervisor" were dismissed for failure to allege personal participation, and the remaining claims were drawn to a district judge and a magistrate judge [Doc. #24].

The Proposed Third Amended Complaint contains the identity of the two United States Marshals and reasserts essentially the same claims against them, Doctor Crum, and Nurse Johnson.  However, the plaintiff has added a claim against the National Commission on Correctional Health Care ("NCCHC").  The allegations against the NCCHC are simply that it "accredited this facility (the Denver City Detention Center) Medical Department with policies and procedures used in handeling [sic] inmate medical treatment."  *Proposed Third Amended Complaint*, p. 16.[1]

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case.  Pursuant to 28 U.S.C. § 1915A, this court is required to review the plaintiff's complaint to determine if the complaint or any portion of it is legally frivolous.[2]  A legally frivolous claim is one in which the plaintiff asserts facts that do not support an arguable claim.

---

[1] The Third Amended Complaint is not consecutively paginated.  Refer is to the pages of the Third Amended Complaint as they are assigned by the court's docketing system.

[2] These determinations are "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

See Neitzke v. Williams, 490 U.S. 319, 324-29 (1989). Here, the plaintiff has failed to allege any facts to state an arguable claim against the NCCHC.

IT IS ORDERED that the Third Amended Complaint be accepted for filing.

In additon, I respectfully RECOMMEND that Claim Three of the Third Amended Complaint, against the National Commission on Correctional Health Care, be dismissed as legally frivolous.[3]

Dated July 29, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).