IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02348-RM-BNB

MILTON BRADLEY GAREWAL,

Plaintiff,

v.

UNKNOWN U.S. MARSHAL, Individually and in his Official Capacity Acting Under Color of Law,
UNKNOWN U.S. MARSHAL, Individually and in her Official Capacity Acting Under Color of Law,
DR. CRUM, Individually and in his Official Capacity Acting Under Color of Law,
NURSE JOHNSON, Individually and in her Official Capacity Acting Under Color of Law,
DENVER COUNTY JAIL, and
DENVER HEALTH,

Defendants.

_____

**ORDER**
_____

This matter arises on the following motions filed by the plaintiff:

(1) **Motion to Appoint Counsel** [Doc. #80, filed 10/28/2013]; and

(2) **Motion to Evaluate Competency** [Doc. #81, filed 10/29/2013).

The Motions are DENIED.

The plaintiff states that he suffers from severe head trauma and severe cognitive function issues--"all well documented." He requests that the court evaluate his ability to proceed *pro se* in this case or appoint someone to decide if he needs a guardian at litem. He is concerned that a rule of procedure "will cost him his case." The plaintiff does not provide any documentation regarding his alleged disabilities, and the court does not perform or appoint individuals to perform competency evaluations for plaintiffs in civil actions.

The plaintiff also seeks appointment of counsel to represent him due to his lack of training and education and his mental and cognitive disabilities. This is the plaintiff's sixth request for appointment of counsel. In denying his fourth motion [Doc. #31], I stated:

> The plaintiff seeks appointment of counsel to represent him in this matter. The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case [Doc. #7]. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case. I do, however, have broad discretion to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).
>
> Here, the plaintiff's Complaint adequately presents his claims. The factual and legal issues raised by the plaintiff's claims are not complex. In addition, the allegations of the Amended Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong.

*Order Issued March 1, 2013* [Doc. #36].

I struck the plaintiff's fifth request for appointment of counsel [Doc.#40] because it was in the form of a letter, and it had not been served on opposing counsel. *Order Issued April 16, 2013* [Doc. #46]. I reminded the plaintiff of the above-stated law and analysis, and I stated that "[t]he plaintiff's request for appointment of counsel has been denied, and he may not file redundant motions." I ordered the plaintiff to cease filing redundant motions, and I warned him that failure to comply with my order could result in sanctions, including dismissal of this case.

The plaintiff has not provided any documentation to prove that he has mental and cognitive disabilities which prevent him from representing himself. Moreover, my analysis of

the Rucks factors has not changed.

      IT IS ORDERED:

      (1)   The Motion to Appoint Counsel [Doc. #80] is DENIED ;

      (2)   The Motion to Evaluate Competency [Doc. #81] is DENIED;

      (3)   The plaintiff shall cease filing redundant motions; and

      (4)   Failure to comply with this order will result in sanctions, including dismissal of this case.

      Dated November 1, 2013.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge