IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02348-RM-BNB

MILTON BRADLEY GAREWAL,

Plaintiff,

v.

U.S. MARSHAL JOROME SLIZ,
U.S. MARSHAL GILLIAN FLECK,
DR. CRUM,
NURSE JOHNSON, and
THE NATIONAL COMMISSION ON CORRECTIONAL HEALTH CARE,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)** [Doc. #57, filed 06/07/2013] (the "Motion") filed by defendants Crum and Johnson. I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537

F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff filed his Third Amended Complaint on July 29, 2013 [Doc. #61] (the "Complaint"). The Complaint contains the following allegations:

1. On May 11, 2012, the plaintiff was transferred to and from "the Denver City Jail" and "the Federal Building" by defendants Sliz and Fleck. *Complaint*, p. 6. He was required to wear shackles even though he informed Sliz and Fleck that he has a drop foot. Id. at pp. 6-7. Approximately 15 to 20 steps into the transport, he tripped and broke three bones in his right foot. Id. at p. 7. He had to walk during the remainder of the transport. Id. at p. 8.

2. Upon return to the jail, the plaintiff asked Fleck if they were going to tell the jail officials that he broke his foot so he could get medical attention for the fractures and the pain. Fleck told the plaintiff that he would have to submit a medical kite and tell the jail officials himself. Id.

3. The plaintiff was told by a jail deputy that there were no medical kites and that he needed to ask the nurse for a kite. Id. at p. 11.

4. The plaintiff submitted a medical kite on May 14, 2012, stating that he has a broken foot due to wearing shackles. Id.

5. On May 15, 2012, the plaintiff saw defendant Nurse Johnson. Johnson saw that the plaintiff's foot was inflamed, bruised, swollen, and hot to the touch. She had him walk back to his cell without a cane, walking boot, or pain pills to wait until he could see defendant Dr. Crum on May 18, 2012. Id.

6. Dr. Crum examined the plaintiff's foot on May 18, 2012. He noted the bruising, swelling, and hotness of the foot. He had the plaintiff walk back to his cell on the broken foot without a cane, walking boot, or pain pills to wait for an x-ray three days later. Id. at pp. 11-12.

7. The plaintiff saw the x-ray technician on May 21, 2012. The x-ray technician noted that the plaintiff's foot was broken. Id. at p. 12.

The plaintiff asserts that the defendants violated 18 U.S.C. § 241, the Eighth Amendment, and the Fourteenth Amendment's Due Process Clause. Id. at p. 4. He also states that the defendants' actions "may be considered as . . . melpratice [sic] and neglect."[1] Id. at p. 12. The plaintiff requests an examination and evaluation by an "outside" doctor; a change in the jail's policy regarding responses to inmates' medical needs; costs; attorney fees; and nominal, compensatory, and punitive damages. Id. at p. 18.

### III.  ANALYSIS

The plaintiff brings his claims against Johnson and Crum under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes

---

[1] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A.  18 U.S.C. §241

As a preliminary matter, the plaintiff may not bring a claim under 18 U.S.C. § 241. Section 241 criminalizes conspiracies to violate a person's rights under the Constitution or the laws of the United States. Section 241 does not form a basis for civil liability. Kelly v. Rockefeller, 69 Fed.Appx. 414, 415-16, 2003 WL 21386338 (10th Cir. June 17, 2003).

### B.  Eighth Amendment and Due Process Claims

The defendants assert that they are entitled to qualified immunity on the individual capacity claims. *Motion*, pp. 15-17. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I consider two factors. I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. In addition, I must inquire whether the right was clearly established at the time of the

violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[2]

The plaintiff does not state whether he is a pretrial detainee[3] or a convicted prisoner. Regardless, the Tenth Circuit Court of Appeals has stated that although pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment, "this Court applies an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." Lopez v. LeMaster, 172 F.3d 756, 759 n. 2 (10th Cir. 1999).

A prisoner claiming an Eighth Amendment violation must establish both objectively and subjectively that particular conditions of confinement constitute cruel and unusual punishment. Wilson v. Seiter, 501 U.S. 294, 297-298 (1991).

To satisfy the objective component, a plaintiff must allege a deprivation which objectively is "sufficiently serious" to form an Eighth Amendment violation. Id. at 298.  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).

To satisfy the subjective component, plaintiffs must demonstrate that the prison official was "deliberately indifferent" to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S.

---

[2]The order in which I may consider these factors is discretionary. Pearson v. Callahan, 555 U.S.223, 236 (2009).  However, both prongs must be satisfied. Herrera v. City of Albuquerque, 589 F.3d 1064, 1070 (10th Cir. 2009).

[3]A pretrial detainee is a person who has been charged with a crime but who has not yet been tried on the charge. Bell v. Wolfish, 441 U.S. 520, 523 (1979).

825, 834 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

For purposes of their Motion, the defendants do not dispute that the plaintiff's injury constitutes a serious medical need. *Motion*, p. 9. The defendants argue that the plaintiff has failed to allege sufficient facts to demonstrate that they were deliberately indifferent to the plaintiff's serious medical need. Id. at pp. 9-10.

The Complaint and the attached medical records[4] show that (1) at 11:00 p.m. on May 14, 2012, the plaintiff submitted a medical kite stating that he thought his foot was broken due to wearing shackles; (2) he was seen the next morning at 10:30 a.m. by Nurse Johnson; (3) Nurse Johnson examined his foot, prescribed Tylenol and Motrin for the swelling and pain, scheduled an appointment to see the doctor on May 18, 2012, and offered him an ace wrap bandage (which he refused); (4) he was seen by Dr. Christian Stob on May 18, 2012; (5) Dr. Stob discontinued the Motrin and prescribed Doclofenac for pain, scheduled an x-ray of the foot, and scheduled a follow up appointment for one week; (6) the plaintiff's foot was x-rayed on May 21, 2012; (7) the x-ray showed a fracture of the fourth and fifth metatarsal bones; and (8) following the x-ray, Dr. Crum ordered a walking boot and cane.

The Complaint and medical records are not sufficient to allege that Nurse Johnson and Dr. Crum were deliberately indifferent to his serious medical needs. To the contrary, Nurse Johnson examined and treated the plaintiff within 12 hours after submission of his medical kite,

---

[4]Written documents attached to a complaint are exhibits and are considered part of the complaint for consideration in a Rule 12(b)(6) dismissal. Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991).

and Dr. Crum prescribed a walking boot and cane after the x-ray. The three day delay in seeing Dr. Stob does not rise to the level of a constitutional violation. A "delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." Oxendine v. R.G. Kaplan, M.D., 241 F.3d 1272, 1276 (10th Cir. 2001) (internal quotations and citation omitted). The plaintiff has not alleged any facts to show that the delay in seeing Dr. Stob caused him substantial harm. Moreover, it is clear from the medical records that the three day delay in obtaining an x-ray cannot be attributed to Nurse Johnson or Dr. Crum.

The plaintiff has failed to allege sufficient facts to show that Nurse Johnson and Dr. Crum violated his constitutional rights. Therefore, I do not need to determine if the plaintiff's constitutional rights were clearly established for qualified immunity purposes. The Motion should be granted insofar as it seeks dismissal of the plaintiff's Eighth Amendment and Due Process claims.

### C.  Malpractice Claim

The defendants assert that the plaintiff's state law malpractice claim must be dismissed because he has failed to file a certificate of review within 60 days of service of the Complaint as required by C.R.S. § 13-20-602. *Motion*, pp. 10-11. Section 602 provides that "[i]n every action for damages . . . based upon the alleged professional negligence of a . . . licensed professional . . .," the plaintiff must file a certificate of review for each licensed professional "within sixty days after the service of the complaint." C.R.S. §13-20-602(1)(a). A certificate of review must state that "a person who has expertise in the area of the alleged negligent conduct" was consulted and, upon reviewing the relevant facts, "has concluded that the filing of the claim . . . does not lack

7

substantial justification . . . ." C.R.S. § 13-20-602(3)(a)(II). "The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint…." C.R.S. §13-20-602(4).

The plaintiff did not respond to the defendants' argument.[5] Therefore, his malpractice claim is deemed abandoned. See Poole v. Southwestern Bell Telephone L.P., 86 Fed.Appx. 372, 374 (10th Cir. 2003) (deeming claims abandoned in the district court because the plaintiff did not oppose defendant's argument to dismiss them in response to motion to dismiss). The Motion should be granted insofar as it seeks dismissal of the plaintiff's malpractice claim.

## IV. CONCLUSION

I respectfully RECOMMEND that the Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [Doc. #57] be GRANTED.[6]

Dated December 9, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[5]The plaintiff was ordered to respond to the Motion on or before November 14, 2013 [Doc. #78]. He did not file a response.

[6]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).