**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No.  12-cv-02348-RM-BNB

MILTON BRADLEY GAREWAL,

      Plaintiff,

v.

U.S. MARSHAL JOROME SLIZ,
U.S. MARSHAL GILLIAN FLECK,
DR. CRUM,
NURSE JOHNSON, and
THE NATIONAL COMMISSION ON CORRECTIONAL HEALTH CARE,

      Defendants.

---

**ORDER ADOPTING MAGISTRATE'S RECOMMENDATIONS
AND DISMISSING CASE**

---

This matter is before the Court on U.S. Magistrate Judge Boyd N. Boland's July 29, 2013 Recommendation (ECF No. 60) that Claim Three of the Third Amended Complaint be dismissed as legally frivolous.  This matter is also before the Court on Judge Boland's two December 9, 2013 Recommendations (ECF Nos. 92 and 94, respectively "Recommendation One" and "Recommendation Two").  Recommendation One recommends that the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) filed by Defendants Crum and Johnson (ECF No. 57) be granted. Recommendation Two recommends that this Court grant the Motion to Dismiss filed by Defendants Jerome Sliz and Gillian Fleck (ECF No. 75).  Plaintiff filed objections to each of Recommendations One and Two (ECF Nos. 95 and 96), which are addressed herein.  For the

1

reasons stated below, the Magistrate Judge's Recommendations are ADOPTED, the Objections

to the Recommendations are OVERRULED, and Plaintiff's Complaint is DISMISSED.

## I.     LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to."  In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P.

72(b)(3).  An objection is proper if it is filed within fourteen days of the Magistrate Judge's

recommendations and specific enough to enable the "district judge to focus attention on those

issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121*

*East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147

(1985)).  In the absence of a timely and specific objection, "the district court may review a

magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165,

1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely

objection is filed, the court need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation.").

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings.

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court, however, cannot act as advocate for

Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil

Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.     FACTS AND PROCEDURAL HISTORY

The Court adopts and incorporates the factual and procedural history included within the referenced Recommendations as if set forth herein.  To the extent any additional facts are necessary for context or for the Court's resolution of this matter, such facts are set forth below.

Plaintiff's Third Amended Complaint was tendered on May 17, 2013 and was accepted for filing on July 29, 2013.  (ECF No. 61.)  In it, he alleges claims against three clusters of defendants:  U.S. Marshals (Sliz and Fleck), Denver County Jail medical staff (Crum and Johnson), and the National Commission on Correctional Health Care (the "Commission").

As to the Marshals, Plaintiff alleges as follows.  On May 11, 2012, while in the custody of two United States Marshals, Defendants Sliz and Fleck ("Defendant Marshals"), Plaintiff was transferred from one facility (the "Denver County Jail") to another (the "Federal Building").  (*Id.* at 6.)  He informed Defendant Marshals that he has a "drop foot" and was wearing a brace, but he was nonetheless required to wear shackles.  (*Id.*)  During transport, Plaintiff tripped and broke three bones in his right foot, but he walked during the remainder of his transport.  (*Id.* at 7.)  When Plaintiff was returned to the Denver County Jail, he asked Defendant Marshals if they were going to tell personnel at the Denver County Jail about his broken foot, and they responded that he would have to submit a "medical kite" and tell the appropriate personnel himself.  (*Id.* at 8.)

As to medical staff, Plaintiff alleges as follows.  Upon his return to the jail, Plaintiff contacted a deputy and was told that there were no "kites" available, and he would have to ask a nurse for one.  (*Id.*)  He submitted a medical kite on May 14, 2012, which stated that he had a broken foot due to wearing shackles.  (*Id.* at 11.)  The following day, Plaintiff saw Defendant

Johnson, a nurse, who observed that Plaintiff's foot was inflamed, bruised, swollen and hot to the touch. (*Id.*) Defendant Johnson did not send Plaintiff to the hospital or prescribe any medication; according to Plaintiff, he was simply sent back to his pod on foot. (*Id.*) On May 18, 2012, Dr. Crum examined Plaintiff and noticed bruising and swelling. Following the examination, Dr. Crum had Plaintiff return to his cell without a cane, boot or pain pills to await an x-ray. On May 21, 2012, Plaintiff saw an x-ray technician, who "noted…that Plaintiff has had a broken foot sense [sic] May 11th 2012 due to shackles being place on Plaintiff's feet." (*Id.* at 12.)

As to the National Commission on Correctional Health Care, the entirety of the allegation is as follows:

> "[The Commission] has accredited this facility (The Denver City Detention Center) medical department with policies and procedures used in handeling [sic] inmate medical treatment."

Both the Marshal and medical staff Defendants moved for dismissal of the constitutional and conspiracy claims against them. The medical staff also moved for dismissal of any state law malpractice claim for failure to provide a certificate of review as required by C.R.S. § 13-20-602. (ECF Nos. 57 and 75). *Sua sponte*, the Magistrate Judge recommended that the claim against the Commission be dismissed as legally frivolous.

The Magistrate Judge's collective recommendations equate to a recommendation that the complaint and all claims in this matter be dismissed.

### III.   ANALYSIS

This Court has reviewed each of the Recommendations and all relevant pleadings, and concludes that Magistrate Judge Boland's analysis of the issues was thorough and his

conclusions were correct.  Plaintiff filed Objections only to Recommendations One and Two, and this Court has thus conducted a *de novo* review of the matters covered by these objections.[1] As to the remaining matters – dismissal of the claim against the Commission and dismissal of all claims purportedly arising under 18 U.S.C. §241 – the Court has concluded that Judge Boland's analysis was thorough and sound and that no clear error appears in the analysis.  Accordingly, these recommendations are adopted without further discussion.

In Recommendation One, Judge Boland recommended that the Motion to Dismiss (ECF No. 57) filed by the medical staff be granted.  Judge Boland concluded, as to the Eighth Amendment and Due Process claims, that Plaintiff's Third Amended Complaint and attached medical records failed to allege deliberate indifference to a substantial risk of serious harm. Based on records submitted by Plaintiff as exhibits to his complaint, the Magistrate Judge concluded that Plaintiff did, in fact, receive treatment which was inconsistent with any notion of deliberate indifference.  The most that could be said was that there was a delay in obtaining a doctor's appointment, but a delay alone does not suffice.

A delay in medical care only constitutes a violation of constitutional rights where "the plaintiff can show that the delay resulted in substantial harm."  *Oxendine v. R.G. Kaplan, M.D.*, 241 F.3d 1272, 1276 (10th Cir. 2001).  Plaintiff did not allege that Defendants Johnson and Crum were responsible for the delays, nor has he alleged substantial harm resulting from that delay.  As to state malpractice, the Magistrate Judge deemed that claim to be abandoned in light of the fact that Plaintiff had not complied with C.R.S. § 13-20-602 by providing a certificate of expert

---

[1] In response to the recommendation that Claim Three of the Third Amended Complaint (against the Commission) be dismissed as legally frivolous, Plaintiff filed only a Motion to Clarify (ECF No. 71) asking whether he should file yet another amended complaint deleting the challenged claim.

review within 60 days of service of the complaint.  And Plaintiff had also failed to file any response whatsoever to the motion to dismiss where this deficiency was first noted.

Nothing in Plaintiff's Objection alters the correctness of the Magistrate Judge's analysis. Plaintiff argues that "[t]he delay from seeing Nurse Johnson and the delay from seeing Dr. Stob to Dr. Crum should be considered a reasonable instance of substantial harm given that during both delays, I suffered from foot fractures…That I was forced to walk for 10 days with a broken foot gives rise to the reasonable assertion that substantial harm occurred, including up to making my injury worse."  (ECF No. 96 at 2.)  This Objection, which the Court has construed liberally due to Plaintiff's *pro se* status, does not allege that Defendants Johnson and Crum were responsible for the delays in receiving medical treatment, and it does not offer any specific allegations about how the delays resulted in substantial harm to him.  He says the delay "gives rise to the reasonable assertion that substantial harm occurred, including up to making my injury worse," but he does not explain or even specifically and affirmatively state that his injury was in fact made worse, and by how much.  This type of general conclusory allegation is not sufficient to establish that a constitutional violation occurred, and so Plaintiff's Objection is overruled. That portion of Judge Boland's Recommendation One addressing the constitutional claims against the medical staff (ECF No. 94) is adopted.

As to the state law malpractice claim, Plaintiff's Objection does not even substantively address this issue, nor does it contest the legal or factual basis for this part of the Recommendation.  Instead, Plaintiff says that his "lack of legal expertise…led me to misunderstand the requirement to file a certificate of review and to reply in a timely manner to defendants' argument."  (ECF No. 96 at 2.)  His Objection contains no other reply based on the

merits, and even accounting for Plaintiff's *pro se* status and conducting a *de novo* review does not save his state law malpractice claim.  The Court agrees with Judge Boland that this claim, too, must be dismissed.

In Recommendation Two, Judge Boland recommended that the Motion to Dismiss (ECF No. 75) filed by the Marshals be granted.  Analytically the same as Recommendation One's treatment of the Eighth Amendment/ Due Process claims, Judge Boland concluded that the allegations of the Third Amendment Complaint were insufficient to establish deliberate indifference on the part of the Marshals – Defendants Sliz and Fleck.  In reaching his conclusion, Judge Boland relied upon the fact that the medical card attached to the complaint[2] does not contain any restriction on shackling.  He alleges that the Marshals attempted to accommodate Plaintiff's needs by attempting to walk slowly.  In terms of the failure of the Marshals to notify the jail of his injury, there is neither an allegation that they knew his foot was actually broken or that there would be delay at the jail in accessing medical personnel.  In short, the allegations reflect an unfortunate injury, but not a constitutional violation.

In Plaintiff's Objection, he argues that his "complaint establishes both objectively and subjectively the occurrence of particular conditions of my confinement constituted cruel and unusual punishment and I therefore respectfully object [to Recommendation Two.]"  (ECF No. 95 at 3.)  Plaintiff's position is less objection to error or impropriety than argument.  He notes that the Marshals "do not allege any medical training or expertise" and yet when confronted with Plaintiff's condition they "did not consult with a medical professional as to how to properly

---

[2] This card issued two months after the incident giving rise to the complaint.  There was no allegation that any card carried on the day he was transported and injured imposed a shackling restriction.

accommodate my need during transport." (ECF No. 95 at 2.) Plaintiff also points to Sliz's response to Plaintiff's contention that his foot was broken (asking if Plaintiff could walk) and Fleck's refusal to notify medical staff upon return to the Denver County Jail as further evidence of deliberate indifference.

None of these facts or any others Plaintiff points to in his Objection are new or contrary to the facts considered by Judge Boland. Plaintiff is simply re-asserting facts from his Third Amended Complaint and making conclusory statements that they amount to deliberate indifference. I find that Judge Boland's analysis includes a consideration of those facts, and having considered them independently, I agree with his conclusion that there is insufficient allegation of deliberate indifference to allow Plaintiff's complaint to proceed. Plaintiff's Objection is overruled and Recommendation Two is adopted in full.

## IV.   CONCLUSION

Based on the foregoing, it is ORDERED that:

1. Plaintiff's Objections are OVERRULED and the July 29 and December 9, 2013 Recommendations are ADOPTED;

2. Defendants' motions to dismiss (ECF Nos. 57 and 75) are GRANTED;

3. The Complaint in this matter is DISMISSED without prejudice; and

4. The Clerk of the Court is directed to close this case.

DATED this 24th day of September, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge